# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRETT COMBS,

    Defendant.

Case No. 2:10-CR-173-KJD-RJJ

**ORDER**

    Before the Court are a host of motions filed by petitioner Brett Combs ("Defendant"). Each of these motions appear to stem from Defendant's underlying 28 U.S.C. § 2255 (#170). Defendant has proceeded to bombard the Court with motions which are clearly premature, or which have already been denied by this Court. The Court understands Defendant's fixation on his situation, but this is far from the only matter presently before the Court. Further, continued motions will only increase the time required to address the merits of Defendant's underlying motion. Therefore, as a house-keeping matter, the Court will address several of Defendant's meritless or premature motions.

Motion for Transportation of Inmate for Court Appearance (#172) is **HEREBY DENIED** as premature because the Court has not yet determined whether there is any need for a hearing. Should the Court find a hearing to be necessary, Defendant will certainly be present.

Motion to be Assigned Counsel (#174) is **HEREBY DENIED** as premature as the Court has not determined whether there is any need for counsel to be appointed. Should the Court feel that counsel will be helpful in this matter, the Court may and will appoint counsel as authorized under 28 U.S.C. § 2255(g).

The Court construes Motion for Order For Petition for Writ of Habeas Corpus (#178) to be merely a motion for a status check and to expedite the Court's review of this matter. The Court understands Defendant's sense of urgency, which is no less than that of virtually all parties now before the Court. The Court's docket is its own to manage, and Defendant's case will be reviewed and decided in an expeditious and prudent manner. Accordingly, Defendant's motion (#178) is **HEREBY DENIED**.

Motion for Clarification of Record (#181) is **HEREBY DENIED**. Defendant confuses *pro se* with *in forma pauperis*. *Pro se* simply means that Defendant is representing himself, and is entirely distinct from Defendant's motion to proceed *in forma pauperis*. The record is clear, it is Defendant's understanding which required clarification.

Motion for Appointment of Counsel (#184) is **HEREBY DENIED** as duplicative of (#174).

Motion for Order to Force Government to Respond to Grounds Dealing with Destruction of Parole File and . . . Perjury (#185) is **HEREBY DENIED** as this Court explicitly instructed the Government not to respond to these issues for the reasons found in (#180).

Motion for Appointment of Counsel (#195) is **HEREBY DENIED** as duplicative of (##174, 184).

Motion for Court to Take Notice (#196) and Motion for Order of Specific Documents (#197) are requests to open discovery in this matter. Under the Rules Governing § 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of

Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C. foll. § 2255. Thus far, there is no "good cause" for conducting discovery in this case. Accordingly, these motions (##196, 197) are **HEREBY DENIED** as premature at best.

DATED this 21st day of January 2014.

_____
Kent J. Dawson
United States District Judge